IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAIRA GHUMMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-23-3371 |
| BOEING INTELLIGENCE & ANALYTICS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Saira Ghumman ("Plaintiff") filed this employment discrimination lawsuit against Boeing Intelligence & Analytics, Inc. ("BI&A") and its parent, The Boeing Company. ECF 1. This Court granted a motion to dismiss Plaintiff's Complaint and afforded Plaintiff thirty days to seek leave to file an amended complaint. ECF 11. Plaintiff timely filed the instant motion, ECF 12, seeking leave to amend her complaint and attaching a proposed Amended Complaint, ECF 12-1. BI&A, the only defendant named in the proposed Amended Complaint, has opposed the motion for leave to amend, ECF 13. Plaintiff filed a reply, ECF 16. This Court has reviewed the motions and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Plaintiff's motion for leave to amend will be granted.

I.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be

1

denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

## II.   ANALYSIS

BI&A does not argue prejudice or bad faith but argues that Plaintiff's proposed amendment is futile because the proposed changes do not remedy the deficiencies leading to this Court's dismissal of the original Complaint. ECF 13. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (emphasis added) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), *cert.*

*dismissed*, 448 U.S. 911 (1980)). This Court has previously discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376–79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim— and what really is a breach of contract suit— into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend a complaint must demonstrate that each claim can withstand a Rule 12(b)(6) motion. Such a requirement would

render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Without pre-judging the merits of BI&A's arguments for dismissal of each count, the proposed Amended Complaint is not "clearly insufficient or frivolous on its face," at least not as to all five of Plaintiff's claims. Because the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court is not inclined to apply the Rule 12(b)(6) standard at this stage. Though this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiff's Amended Complaint to be filed, thus allowing BI&A to re-file its arguments in favor of dismissal, if it so chooses, for this Court's substantive consideration under the Rule 12(b)(6) standard.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion For Leave to Amend Complaint, ECF 12, will be GRANTED, permitting the Amended Complaint to be docketed. BI&A should respond to the Amended Complaint in the ordinary course. A separate Order follows.

Dated:  September 23, 2024                              /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge